[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner Keith Commerford brings this petition for Writ of Habeas Corpus by an amended petition dated January 26, 1996. The Respondent filed a Return to said petition dated February 28, 1996. The Amended petition is in three counts, alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel and alleging a conflict of interest between appellate counsel and a Supreme Court Justice.
On April 18, 1991 the Petitioner pled guilty to carrying a Pistol on a Person without a Permit (Connecticut General Statutes29-35, 29-37 (b)) and Criminal Possession of a Pistol or Revolver (Connecticut General Statutes § 53a-217 (a)) and received five year concurrent sentences on each count. On April 26, 1991 a jury found the Petitioner guilty after trial of Manslaughter in the First Degree (Connecticut General Statutes § 53a-55
(a)(1)) for which he received a twenty year sentence of incarceration consecutive to the aforementioned sentence and the jury also found him guilty of attempted assault in the First Degree (Connecticut General Statutes § 53a-49 and 53a-59
(a)(1)) for which he received a ten year sentence of incarceration consecutive to the other aforementioned sentences. The Petitioner's total effective sentence was thirty five years incarceration.
During the jury deliberations the jury sent the court the following note:
 We have a matter which we feel needs to be brought to your attention. One of the jurors is suspected of being an active alcoholic. That is, drinking during the trial phase and drinking during deliberations. We realize this is a serious matter. We'd like to cite these three incidents. One juror sitting next to this person in the courtroom smelled liquor strongly at least twice. Two, another juror, recovering alcoholic, a member of AA, has also smelled liquor and notified me to be aware of certain behaviors which the entire jury has found to be erratic, unstable and upsetting. CT Page 5149-YYY Another juror, formerly a supervisor of this juror, had to fire her for drinking on the job and for personal behaviors which were also observed during deliberations including strong smell, shaking, et cetera.
The Petitioner alleges that his trial counsel, David Abbamonte, was ineffective when he consented to the continuation of the jury deliberations without further inquiry relative to said note. Attorney Abbamonte testified this note came to the court after the jury was deliberating a couple of days. He testified the trial judge told them about the note as soon as he received it and said judge asked attorneys for their opinions relative to said note. The attorneys gave their opinions on said note to the court. Attorney Abbamonte said the trial judge informed them that he was going to allow the jury to continue deliberations until he got another note relative to alcohol. The jury never sent another note concerning alcohol. The jury deliberated another three or four days before they reached a verdict. Prior to the note being sent to the court the alternate jurors had been released. Attorney Abbamonte testified that tactically he wanted to let the jury continue their deliberations because he thought it was a good jury and that the Petitioner had a good chance of prevailing on his defense of self defense. He stated the Petitioner's testimony went well. Attorney Abbamonte stated the case went in well and he did not think that the Petitioner would ever get as good a jury again. Attorney Abbamonte stated defense attorneys want conflicts within juries. Attorney Abbamonte stated that he never would have consented to proceeding with just eleven jurors if it came to that situation. Attorney Abbamonte testified there were no grounds for a Motion for Mistrial unless a follow up note was sent to the court from the jury and that did not occur.
The Petitioner testified that Attorney Abbamonte did not speak to him about a mistrial or making a motion for a new trial. At one point in his testimony Attorney Abbamonte stated that he assented to the continuation of the trial and that he could not remember discussing the continuation of the trial with the Petitioner. Attorney Abbamonte did testify that if the Petitioner wanted a mistrial he would have informed the court of that fact. He stated he knows the Petitioner had no objection to continuing the trial but he does not know if the Petitioner assented to it or just left it up to him (Attorney Abbamonte). Later in his testimony on redirect examination after the Petitioner waived the "Confidentiality Privilege" between he and his attorney, Attorney CT Page 5149-ZZZ Abbamonte testified that the Petitioner said he wanted the jury to continue with their deliberations rather than make a motion for a mistrial.
The Connecticut Supreme Court has adopted the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984) to determine if counsel's assistance was ineffective. Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701 (1995). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice Id. To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. . . . The petitioner must show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. 702. To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would he been different Id. 702.
In Hill v. Lockhart, 474 U.S. 52, 57-58, (1985) the court determined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement inStrickland were relevant in the context of guilty pleas. Although the first half of the Strickland test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. As in Strickland, the prejudice standard for plea negotiations is intended to determine whether, but for counsel's constitutionally deficient performance, the outcome of the plea process would have CT Page 5149-AAAA been different. The court went on to require that "in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., 59. Copas v. Commissioner of Correction,234 Conn. 139, 156 (1995).
The Hill court also stated that the petitioner must show that such a decision to plead not guilty would have been based on the likelihood that the introduction of the evidence or the defense that was not identified because of ineffective assistance of counsel would have been successful at trial. Id.
To satisfy the Hill standard, a defendant must prove that, but for defense counsel's deficient performance there is a reasonable probability that he would have pleaded not guilty and proceeded to trial on the basis of the likelihood that his defenses would succeed in providing a more favorable outcome. ID157 — Footnote 10.
After hearing the evidence, this court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra, as to any of the allegations in his Amended Petition dated January 26, 1996 or any of the allegations he made during the habeas hearing as to the first count in said amended Petition. He has not proved his counsel's representation of him was deficient or that he was prejudiced by his counsel's representation of him as to any of said allegations. Further the court finds that, the Petitioner has not satisfied the standard set forth in Hill v.Lockhart, supra.
In the second count of the Amended Petition the Petitioner alleges his Appellate counsel, Attorney Susan Zitser was ineffective because she failed to appeal the trial court's continuation of jury deliberation, without further inquiry, in spite of the acquiescence of Defense Counsel after the aforesaid note was received by the court from the jury.
Attorney Zitser testified that she appealed three issues to the Connecticut Appellate Court for the Petitioner. The first issue appealed challenged the court's instruction on the dual intent relative to attempt and Assault in the First Degree; the second issue she appealed concerned the court's failure to give the credibility instruction requested by the Petitioner's trial CT Page 5149-BBBB counsel; and the third issue appealed concerned the sufficiency of evidence regarding the attempted assault.
Attorney Zitser testified that she reviewed all of the transcripts from the Petitioner's file. She did not consider the contents of the aforesaid note to be an appealable issue because the record on this issue was inadequate and wholly failed to support a claim on this issue. She stated the transcript showed all the attorneys and the trial judge agreed that they would do nothing about said note unless and until another note concerning a juror drinking was given to the court by the jury. Attorney Zitser testified that nothing in the note gave rise to an appeal because in cases like this you can only appeal such an issue if the court does nothing and that was not the case in this matter. Attorney Zitser testified she spoke with the Petitioner and explained why she did not appeal the issue raised in said note. She stated that the trial judge acted reasonably relative to the matter and therefore there was nothing to appeal.
In this matter in order to prevail on his claim, the petitioner must establish (1) that his appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand. Sekow v. Warden, 216 Conn. 678,690 (1990). After hearing the evidence this court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Sekow v. Warden, supra as to any of his allegations relative to the second count.
In the third count the Petitioner alleges Attorney Zitser was ineffective as his counsel for failing to seek the recusal of, or to determine that the decision of the Supreme Court as to certification would not be made with the participation of the Honorable Flemming Norcott, a Justice with whom she had a conflict of interest by reason of a personal relationship with him, since terminated.
The Connecticut Appellate Court affirmed the Petitioner's conviction. 30 Conn. App. 26 (1993). Attorney Zitser then filed a Petition for Certification with the Connecticut Supreme Court which was denied on February 4, 1993. The following facts were stipulated to by the parties: CT Page 5149-CCCC
 1. The Petition for Certification was brought to the Connecticut Supreme Court in this matter.
 2. Attorney Suzanne Zitser had a close personal relationship with Justice Flemming Norcott.
 3. The relationship between Attorney Suzanne Zitser and Justice Flemming Norcott terminated prior to the Application for Certification being submitted to the Supreme Court in this matter.
 4. Attorney Zitser did not move to disqualify Justice Norcott from participating in the hearing on the Petition for Certification to the Supreme Court in this matter.
On May 17, 1996 this court held a hearing on the Respondent's Motion to Dismiss in this case. That Motion to Dismiss was denied by this court. At that hearing the Chief Clerk of the Supreme Court, Francis J. Drumm, Jr. testified that the Petition for Certification to the Supreme Court in this matter was denied on February 4, 1993. He testified that on Petitions for Certification all the Justices are usually present and vote thereon unless disqualified. He stated that if there is a quorum present, which he believes is four justices, then the justices proceed with the conference. He further stated if a justice is disqualified they proceed with the conference without getting a substitute for said disqualified Justice. Attorney Drumm testified that he believes on February 4, 1993 Chief Justice Peters, and Justices Callahan, Borden, Berdon, Norcott and Katz were present. He stated he can't say all of the aforementioned Justices were present on that date but he believes that they were. Attorney Drumm was present at the conference on that date but he does not remember the Petitioner's matter. He testified that a party needs two votes for certification. Attorney Drumm testified Justice Katz did not participate in the vote on this Petition for Certification. Attorney Drumm testified the Petition for Certification was denied in this matter. He further stated there was no tally sheet for this Petition because tally sheets are only kept on cases where certification is granted.
There is no evidence whatsoever that Justice Norcott effected the vote on certification in this matter. The court finds that CT Page 5149-DDDD the Petitioner has failed to prove either prong of the test set forth in Strickland v. Washington, supra namely (1) deficient performance and (2) actual prejudice relative to the third count of the Petition for a Writ of Habeas Corpus. He has not proved his counsel's representation of him was deficient or that he was prejudiced by his counsel's representations of him as to any allegations set forth in the Third Count of the Petition.
For all of the reasons stated herein the Petitioner's petition for Writ of Habeas Corpus is denied.
William J. Sullivan, Judge.